1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SEYED SAEID ZAMANIEH SHAHRI,              Case No.  2:23-cv-1569-DJC-JDP (PS)

12                   Plaintiff,

13          v.                                  ORDER; FINDINGS AND
                                                RECOMMENDATIONS
14    LOS RIOS COMMUNITY COLLEGE
      DISTRICT, *et al.*,
15
                     Defendants.
16

17          Plaintiff, proceeding without counsel, commenced this action against defendants Los Rios

18    Community College District and Folsom Lake College.  Plaintiff alleges that defendants violated

19    Title VII of the Civil Rights Act of 1964 by unlawfully terminating his employment in retaliation

20    for him filing of a discrimination complaint with the United States Equal Employment

21    Opportunity Commission.  ECF No. 1.  Pending before the court is defendants' motion to

22    dismiss.  ECF No. 30.  Plaintiff filed an opposition, ECF No. 33, defendants filed a reply, ECF

23    No. 34, and plaintiff filed a sur-reply, ECF No. 35, all of which the court has considered.  The

24    court finds that the complaint violates Rule 8 and will dismiss it with leave to amend.

25    Additionally, the court recommends that defendant Folsom Lake College be dismissed without

26    leave to amend because it is not a separate legal entity from defendant Los Rios Community

27    College District.

28

1    **Requests for Judicial Notice**

2    As a preliminary matter, defendants ask the court to take judicial notice of documents

3    pertaining to plaintiff's administrative file with the EEOC.  *See* ECF Nos. 30-2.  The documents

4    consist of four EEOC charges and corresponding EEOC Right to Sue Notices underlying

5    plaintiff's claims.  *See id.*  Plaintiff's opposition enumerates thirteen objections to the motion,

6    none of which appear to address or oppose this request.  *See generally* ECF No. 33.

7    Under Rule 201, administrative agency records, including decisional documents, are

8    subject to judicial notice.  *See* Fed. R. Evid. 201(c)(2).  Judicial notice establishes only that these

9    documents are as they are; it does not establish the correctness of any determinations therein.  *See*

10   *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 435 (9th Cir. 1992) (taking

11   judicial notice of the existence of a state administrative agency's published decisions); *see also*

12   *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("On a Rule 12(b)(6) motion to

13   dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the

14   truth of the facts recited therein, but for the existence of the opinion, which is not subject to

15   reasonable dispute over its authenticity." (internal quotation omitted)).  Administrative charges

16   filed with the EEOC and Right to Sue Notices issued by the EEOC are subject to judicial notice

17   and are public records of an administrative body.  *See Dornell v. City of San Mateo*, 19 F. Supp.

18   3d 900, 904, n.3 (N.D. Cal. 2013).  Defendants' request is granted, and the court will consider the

19   attached documents.  *See* ECF No. 30-2.

20   Plaintiff separately filed a request for judicial notice of various documents, including court

21   filings related to injunctions against individuals who are not parties to this suit, filings related to

22   naturalization, and various EEOC documents.  *See* ECF No. 38.  Because these documents appear

23   to relate to plaintiff's underlying claims and not to the issues addressed in the motion to dismiss,

24   the court denies the request without prejudice.  *See Young v. Schultz*, No. 22-CV-05203-TSH,

25   2023 WL 3324687, at *2 (N.D. Cal. May 8, 2023) (declining to take judicial notice of facts and

26   documents irrelevant to the instant motion).

27

28

1          **Motion to Dismiss**

2          **A.  Legal Standard**

3          "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable

4      legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v.*

5      *Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint

6      must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

7      on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

8      550 U.S. 544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content

9      that allows the court to draw the reasonable inference that the defendant is liable for the

10     misconduct alleged."  *Iqbal*, 556 U.S. at 678.

11         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

12     U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

13     appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

14     would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

15     However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

16     of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

17     1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

18         **B.  Allegations**

19         The complaint's allegations are numerous and difficult to decipher.  *See generally* ECF

20     No. 1.  The complaint runs 140 pages in length, single spaced, with 143 exhibits, totaling 1,310

21     pages.  *Id.*  From what the court can discern, plaintiff claims that defendants engaged in unlawful

22     retaliation and terminated his position as a professor at Folsom Lake College after he reported

23     that his wife experienced sexual harassment from a dean at the college.  ECF No. 1 at 20.  He

24     purports to bring this action pursuant to one of several EEOC charges.

25          **Analysis**

26         Defendants move to dismiss under three distinct legal grounds.  First, defendants argue

27     that the complaint violates Rule 8 because it does not contain a short and plain statement of

28     claims.  ECF No. 30-1 at 3-5.  Next, defendants argue dismissal is proper under Rule 12(b)(6)

3

1  because plaintiff failed to file his complaint by the EEOC's 90-day deadline.  *Id.* at 5-7.  Finally,

2  defendants request dismissal of defendant Folsom Lake College ("Folsom Lake") because it is not

3  a separate legal entity from defendant Los Rios Community College District ("District").  *Id.* at 7-

4  9.  Plaintiff has filed an opposition, which the court has reviewed—notably, the opposition runs

5  654 pages.  ECF No. 33.  The opposition appears to reiterate claims alleged in the complaint.

6  Because the complaint violates Rule 8, the court will dismiss it with leave to amend.  The court

7  also recommends that defendant Folsom Lake be dismissed without leave to amend because it is

8  not a proper defendant.

9         Federal Rule of Civil Procedure 8 "Federal Rule of Civil Procedure 8(a)(2) requires only

10  'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

11  'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

12  *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

13  (1957)).  Although a complaint is not required to include detailed factual allegations, it must set

14  forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

15  face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  It must also contain

16  "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

17  defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

18         A district court may dismiss a complaint for failure to comply with Rule 8(a)(2) if the

19  complaint is "verbose, confusing and conclusory."  *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d

20  671, 674 (9th Cir. 1981); accord *Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174

21  (9th Cir. 2019) (same, quoting *id.*).  Additionally, a court may dismiss a complaint for failure to

22  comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely

23  irrelevant."  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  "[A] dismissal for a

24  violation under Rule 8(a)(2)[] is usually confined to instances in which the complaint is so

25  'verbose, confused and redundant that its true substance, if any, is well disguised.'"  *Hearns v.*

26  *San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of*

27  *Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).

28         Plaintiff's complaint falls into the category of cases the Ninth Circuit warned of in

*Hearns*.  The allegations are hidden amongst a sheer mass of unorganized text and exhibits.  Indeed, the complaint is much longer than other complaints that have been stricken for failure to make a "short and plain statement" of the claim for relief.  *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of a 53-page complaint); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal of a 48-page complaint); *Agnew v. Moody*, 330 F.2d 868 (9th Cir. 1964) (affirming dismissal of a 55-page complaint*); Stephen C. v. Bureau of Indian Educ.*, No. CV-17-08004-PCT-SPL, 2017 WL 11614523, at *1 (D. Ariz. May 8, 2017) (dismissing a 101-page complaint).

The complaint also violates Rule 8 by not providing defendants with fair notice of the claims.  The court does not expect defendants to wade through 1,310 pages to discern plaintiff's claims.  The complaint, as it stands, would "burden [defendants] with the onerous task of combing through a [1,296]-page pleading just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated."  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).  Accordingly, the court dismisses the complaint with leave to amend for violation of Rule 8.

Defendants next argue that defendant Folsom Lake is not a separate legal entity from the District and that all claims brought against Folsom Lake must therefore be dismissed.  ECF No. 30-1 at 7-9.  Indeed, Folsom Lake is not a proper defendant because it is not a separate legal entity from the District. [1]  *Cf.* Cal. Ed. Code §§ 72000(a) ("The *district* and its governing board may sue and be sued . . . .") (emphasis added), 70902(a)(1) ("The governing board of each community college *district* shall establish, maintain, operate, and govern one or more community colleges in accordance with law.") (emphasis added), 87706 ("[N]o community college *district*, or any officer or employee of such district or board shall be responsible or in any way liable for the conduct or safety of any student of the public schools at any time when such student is not in school property . . . .") (emphasis added), 81600 ("The governing board of a community college

---

[1] The court noted in its June 7, 2024 order that Folsom Lake is not a separate legal entity from the District.  *See* ECF No. 25 at 3.

1    *district* shall manage and control school property within its district.") (emphasis added).

2    Accordingly, Folsom Lake should be dismissed without leave to amend. *See Amaral v.*

3    *Beloglovsky*, No. 2:23-cv-2378-DAD-AC, 2024 WL 1557474, at *3 (E.D. Cal. Apr. 10, 2024)

4    (dismissing Consumnes River College because it was not a separate legal entity from defendant

5    Los Rios Community College District).

6        Defendants lastly argue that plaintiff's complaint should be dismissed because his expired

7    and the unexpired EEOC charges purport to allege seemingly similar claims as his complaint.

8    ECF No. 30-1 at 6-7. As it stands, the court cannot tell whether the claims plaintiff is attempting

9    to allege in his complaint are the same claims he raised in his unexpired EEOC charge. Because

10   plaintiff is being provided with an opportunity to amend, the court finds it would be a waste of

11   judicial resources to address the merits now.

12   **Conclusion**

13       Plaintiff will be given one opportunity to amend the complaint. If plaintiff decides to file

14   an amended complaint, the amended complaint will supersede the current one. *See Lacey v.*

15   *Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended

16   complaint will need to be complete on its face without reference to the prior pleading. *See* E.D.

17   Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any

18   function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each

19   claim and allege defendant's involvement in sufficient detail. The amended complaint should be

20   titled "First Amended Complaint" and refer to the appropriate case number.

21       Plaintiff should take ensure that his amended complaint provides each defendant with

22   adequate notice of the claims against them. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512

23   (2002). He shall also set forth his claims in "numbered paragraphs, each limited as far as

24   practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure

25   10(b), and double-spaced text on paper that bears line numbers in the left margin, as required by

26   Eastern District of California Local Rules 130(b) and 130(c).

27       Accordingly, it is hereby ORDERED that:

28       1. Defendant's motion to dismiss, ECF No. 30, is GRANTED.

1    2.  Plaintiff is granted an opportunity to amend the complaint within thirty days of any

2    order addressing these recommendations.  Should plaintiff choose to amend, he is cautioned to be

3    judicious in his pleadings.

4    Further, it is hereby RECOMMENDED that defendant Folsom Lake College be

5    DISMISSED.

6    These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8    after being served with these findings and recommendations, any party may file written

9    objections with the court and serve a copy on all parties.  Such a document should be captioned

10   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

11   objections shall be served and filed within fourteen days after service of the objections.  The

12   parties are advised that failure to file objections within the specified time may waive the right to

13   appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

14   *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

15

16   IT IS SO ORDERED.

17

18   Dated:   February 4, 2025

     JEREMY D. PETERSON
19   UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

7